USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/22/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------X
United States

                    v.                              97-CR-786 (DAB)
                                                        ORDER
Edwin Rivera,

                        Defendant.
--------------------------------------------X
DEBORAH A. BATTS, United States District Judge.

       Defendant Edwin Rivera, acting pro se, submits a letter

dated July 30, 2017 requesting that the Court extent the time for

him to submit a "collateral appeal." This case was formerly

before Judge Scheindlin and was reassigned to this Court per

Chief Judge McMahon's memo endorsement on Defendant's letter.

Defendant indicates in his letter that he also submitted letters

seeking an extension on April 10, 2017 and May 24, 2017 but that

he received no response. The Court has no record of these

letters.

       Defendant does not set forth the basis of his appeal,

statutory authority for his appeal, or any reason for the

extension request or delay. The Court construes his request to

submit a "collateral appeal" as an attempt to file a habeas

petition pursuant to 28 U.S.C. § 2255.

       Defendant was sentenced by Judge Scheindlin on May 28, 1999,

and his appeal was denied on November 19, 2001. It appears that

he is currently incarcerated at Auburn Correctional Facility, a

New York State prison.

For the following reasons, Petitioner's request for an extension to file a habeas petition is DENIED.

I.   STANDARD OF REVIEW

The Court may entertain a petition for a writ of habeas corpus by a prisoner in federal custody[1] on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The Court is obliged to construe pro se pleadings liberally and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)) (emphasis in original); Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a pro se litigant is not exempt "from compliance with relevant rules of procedural and substantive law." Triestman, 470 F.3d at 477 (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

---

[1] It does not appear that the Defendant is in federal custody.

## II.  DISCUSSION

In his letter motion, Defendant requests an extension of time to file a collateral appeal, or, as this Court interprets it, a habeas petition under 28 U.S.C. § 2255 petition. A review of public records reflects that Defendant does not have a pending habeas petition.

"Under Article III of the Constitution, the jurisdiction of federal courts is limited to the resolution of 'cases' and 'controversies.'" Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 89 (2d Cir. 2009). The Second Circuit has held that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed[,]" because prior to an actual filing, "there is no case or controversy to be heard[.]" Green, 260 F.3d at 82 (quoting United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam)).

"Where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required, under Haines [v. Kerner, 404 U.S. 519, 520 (1972) (per curiam),] to treat that motion as a substantive motion for relief." Id. In this application, Defendant does not include any allegations identifying the grounds on which he challenges his conviction. The Court therefore cannot construe the letter as a substantive petition. See Application of Wattanasiri, 982 F.

Supp. 955, 958 (S.D.N.Y. 1997) (denying request for extension of limitations period to file § 2255 motion when there was no pending habeas petition). Defendant's request for an extension of time to file a habeas petition must therefore be DENIED.

III. CONCLUSION

Petitioner's request for an extension of time to file a habeas petition is DENIED.[2] Because the request makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

---

[2] A federal habeas corpus petition must be filed within one year from the latest of four dates, that is, when: (1) the judgment of conviction becomes final; (2) a government-created impediment to making such a motion is removed; (3) the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) the facts supporting the claim(s) could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1); see also Reyes v. Keane, 90 F.3d 676 (2d Cir. 1996).

The Clerk of Court is directed provide a copy of this Order as well as a copy of the docket sheet for this case to Defendant via certified mail at:

Edwin Rivera, 99-A-3332
Auburn Correctional Facility
P.O. Box 618 - 135 State Street
Auburn, NY 13024.

SO ORDERED.

Dated:    New York, New York
          August 22, 2017

_Deborah A. Batts_
Deborah A. Batts
United States District Judge